## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION AT KANSAS CITY

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-0120-CV-W-GAF |
| vs. ) | |
| ) | |
| ALLEN R. DAVIDSON ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER CONCERNING
### SUBPOENAED DOCUMENTS AND INFORMATION

This matter comes before the Court on Plaintiff's Motion for Entry of Agreed Protective Order Concerning Subpoenaed Documents and Information (the "Motion"). The purpose of this Order is to limit the disclosure and use of confidential documents and information provided by non-party Cheryl Womack ("Womack") pursuant to the subpoena duces tecum served on Ms. Womack on January 6, 2009.

Based on the showing made in the Motion setting out the documents and information to be covered by a protective order and the reasons that such documents and information require protection from public disclosure, the Court finds that good cause has been shown for entry of a protective order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, as follows:

1.  The terms and conditions of this Protective Order shall govern Plaintiff and Womack, and Defendant, if he receives the materials produced by Womack. The Protective Order also shall

govern any other entity or individual who shall become a party to this Protective Order pursuant to paragraphs 9 and/or 14.

2. The Parties anticipate that such discovery in this matter may entail the production of proprietary or sensitive information, including but not limited to trade secret or other confidential research, development, or commercial information, private personnel data, or other non-public financial and proprietary data that may be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3. The Court finds that these specifically enumerated materials may be designated as "Confidential" by Womack regardless of whether they are produced pursuant to document request, subpoena, court order, in answer to interrogatories, or contained in deposition testimony.

4. All "Confidential" designations shall be made in good faith and made at the time of disclosure, production or tender to the Party receiving the same, or at such time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claims, and a party may so designate information after such inadvertent failure, subject to the protections of this Protective Order. Designations of "Confidential" shall constitute a representation that such information has been reviewed by an attorney and that there is a valid and good faith basis for such designation, that such information comes within the specifically enumerated categories recited in paragraph 2, and that disclosure of such information to persons other than those permitted access to such material hereunder would reveal Womack's trade secrets, or other confidential research, development, or commercial information or would otherwise cause competitive injury to Womack, or cause annoyance, embarrassment, oppression or undue burden or expense, as these terms are used in Rule 26(c) of the Federal Rules of Civil Procedure. The designation of confidential material may be made by affixing thereon a notice containing the word

"Confidential." All copies of any such documents made by either Plaintiff or Defendant shall also be clearly marked as "Confidential." In the case of multi-page documents, the word "Confidential" may be stamped on the first page of each document that is deemed to contain confidential material. Womack may designate electronic data as Confidential by marking the copy of the electronic data produced (such as a CD or DVD) as Confidential and by designating the specific portions of the electronic data or electronic files that are Confidential. If such means of designation are not readily available or feasible with respect to electronic data, the Plaintiff, Defendant and Womack shall agree on alternative means to ensure that the electronic data received confidential treatment.

     5. Confidential Discovery Materials shall be maintained in confidence, shall be used solely for purposes of this action, and shall be disclosed only as permitted and in the manner provided herein.

     6. Discovery Materials furnished by Womack in the form of testimony within the categories of material identified in paragraph 2 may also be designated as "Confidential" either at the time any such testimony is taken or in writing within twenty days after the transcript of the testimony has been received by Womack. The court reporter for any such testimony shall be informed of this Order by Womack making the "Confidential" designation and the court reporter shall comply and be bound by this Order.

     7. Confidential Discovery Materials shall be maintained in confidence by either Plaintiff or Defendant and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons in connection with this case:

        A. Attorneys of record retained by the Parties in connection with this case, and their respective paralegal, secretarial, and clerical staffs to whom disclosure is reasonably necessary.

B.  In-house counsel for the Parties, and their respective paralegal, secretarial, and clerical staffs to whom disclosure is reasonably necessary.

C.  Employees, officers, and directors of the Parties, and their respective secretarial and legal staffs to whom disclosure is reasonably necessary.

D.  Mediators, arbitrators, court reporters, the Court, and Court personnel.

E.  Witnesses and deponents in this litigation, to the extent reasonably necessary for such witnesses or deponents to prepare for testimony or participation in the litigation.

F.  Expert consultants and expert witnesses retained by a Party, as well as the secretarial and clerical staffs of such experts, provided that such experts agree not to disclose or otherwise use such Confidential materials in any manner other than for the purpose of providing expert opinions or litigation support to the Parties in this case.

Persons described in subparagraphs E and F above shall not, however, receive Confidential Discovery Materials unless such persons are: (1) informed of and given a copy of this Order, (2) informed that they must comply with this Order, and (3) agree to comply with this Order, as signified by their signature affixed to a copy of this Order immediately below the notation: "I agree to be bound by the terms of this Order."

8.  None of the persons to whom Confidential Discovery Material is made available shall make use of such material for any purpose other than the prosecution or defense of this action or disclose the contents of such material to any other person or entity, except as permitted by this Order.

9.  Plaintiff or Defendant may use Confidential Discovery Material as an exhibit or attachment to any motion, as a deposition exhibit, or as a trial exhibit in this action and may show Confidential Discovery Material to a witness in this action for these purposes. However, except as provided in paragraph 16, Confidential Discovery Material may not be filed with the Court unless measures are taken to prevent its disclosure to persons other than those authorized under paragraph

7 of this Agreement. Accordingly, Plaintiff or Defendant seeking to file pre-trial pleadings or exhibits containing Confidential Discovery Material shall either redact personal identifiable information, as described in Rule 5.2 of the Federal Rules of Civil Procedure, or follow the procedures of this Court with respect to under-seal filings if the filing would disclose more Confidential information than described in Rules 5.2(a) or 5.2(b) of the Federal Rules of Civil Procedure.

10. Plaintiff, Defendant, or Womack may, by written stipulation, provide for exceptions to this Protective Order, and either Plaintiff, Defendant, or Womack may seek an Order of this Court modifying this Protective Order at any time upon written notice to Plaintiff, Defendant or Womack and upon a showing of good cause.

11. Motions, briefs, memoranda, or other papers may paraphrase or summarize Confidential Discovery Materials without being filed under seal, so long as such paraphrasing is done in such a manner as to maintain the confidential nature of the material.

12. Counsel for the Parties shall serve a true and complete copy of this Protective Order on any entity or individual who has been shown or given access to material designated as Confidential.

13. Either Plaintiff or Defendant may object to a designation of Discovery Material as Confidential at any time by giving written notice (including via e-mail) to counsel for Womack and to opposing counsel, as well. Such written notice shall identify the Discovery Material to which the objection is directed and contain a short statement of the reasons for the objection. If the objecting Party and Womack are unable to resolve their differences within seven (7) days after the designating Party's receipt of the notice (or such later time as the Parties may agree), Womack may file an appropriate application with the Court requesting that the designated Discovery Material be treated

as Confidential. Womack shall have the burden of proving pursuant to Fed. R. Civ. P. 26(c) that the Confidential Discovery Material should be treated as designated. During the pendency of any motion to reclassify Discovery Materials that have been designated as Confidential, the Plaintiff and Defendant shall adhere to the previously designated classification. However, if no such motion is filed within fourteen (14) days of the receipt of the notice of objection (or such later time as Plaintiff, Defendant and Womack may agree), the designated Discovery Material shall no longer be treated as Confidential.

14. For good cause shown, Plaintiff, Defendant or Womack may seek to modify, supplement, or terminate the terms of this Protective Order by first attempting to obtain the consent of the other Parties. The Parties and Womack agree that they will attempt to resolve the issue of any such modification, supplementation, or termination amongst themselves through good faith efforts before seeking judicial intervention. If the Parties and Womack are not able to reach agreement on any proposed modification, supplementation, or termination of the terms of this Order, whomever seeks the modification, supplementation, or termination may file an appropriate motion with the Court upon notice to Plaintiff, Defendant, or Womack.

15. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude the Parties from refusing to produce confidential documents on grounds other than the confidentiality of the information contained therein, including but not limited to refusals to produce documents and other discovery relating to any privilege.

16. Subject to the Federal Rules of Civil Procedure and evidentiary rules, Confidential Discovery Materials may be offered in evidence at trial or any evidentiary hearing. In the event a dispute concerning the manner of disclosure at trial arises, the Court shall have the discretion to preliminarily review evidence previously designated as Confidential Discovery Material *in camera*

to determine whether such evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information at the trial.

17. The inadvertent production of Confidential Discovery Material which has not been marked Confidential shall not be a waiver of confidentiality, provided that Womack promptly notifies (including via e-mail) the Plaintiff and Defendant upon discovery of the inadvertent production and designates the material as Confidential. Upon request of Womack and receipt of replacement Discovery Material marked "Confidential," the receiving Party shall promptly return or destroy all copies of the inadvertently produced Confidential material.

18. Counsel for the Parties will make all responsible efforts to safeguard all Confidential Discovery Materials and shall promptly notify the designating Party of any unauthorized disclosure or access to Confidential Discovery Material.

19. Upon final termination of this action, including all appeals, Defendant shall assemble and return all Confidential Discovery Materials, together with all copies and derivative materials thereof, to the producing Party or Womack within thirty (30) days of termination of this Action, or, if directed to do so by the producing Party or Womack (as the case may be), shall destroy that material and certify by letter to the producing Party or Womack that the destruction was done. This order, however, does not prohibit or otherwise restrict Plaintiff from disclosing information protected by this order that is relevant to any civil or criminal action to any federal or state agency with authority to enforce laws regulating any activity relating to the requested information. Any such federal or state agency shall keep the information confidential to the extent provided by law.

20. This Protective Order shall remain in full force and effect during and after the termination of this Action, whether by settlement, judgment or other disposition or conclusions and all appeals therefrom, until modified by an Order of this Court.

21. Nothing in this Protective Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court.

IT IS SO ORDERED this 30th day of March, 2009.

s/ Gary A. Fenner<br>Gary A. Fenner, Judge<br>United States District Court

DATED: **March 30, 2009**