# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-0120-CV-W-GAF |
| | ) |
| ALLEN R. DAVISON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is Plaintiff United States of America's (the "Government") Motion for Reconsideration of the December 18, 2009, Order (Doc. #62) denying its Motion for Summary Judgment. (Doc. #66). The Government suggests the Court reconsider its Order and the appropriate scienter standard that applies to the Government's claim for injunctive relief against Defendant Allen R. Davison ("Davison") under I.R.C. § 6700. *Id.* Upon consideration and review, further clarification of the scienter standard that will apply to this case at trial is appropriate. However, the Court's December 18, 2009, Order denying summary judgment stands.

The Court does not disagree with the Government's statement that the plain language of § 6700 espouses a "know or should have known" scienter standard. *See* I.R.C. § 6700(a)(2)(A). Further, the Court is aware that the Ninth Circuit Court of Appeals has suggested the following factors should be weighed when determining whether a particular defendant "should have known" statements about tax benefits were false or fraudulent: "(1) the extent of the defendant's reliance upon knowledgeable professionals; (2) the defendant's level of sophistication and education; and (3) the defendant's familiarity with tax matters." *Estate Pres. Servs. v. United States*, 202 F.3d 1093, 1103 (9th Cir. 2000).

However, while the Court agrees that the abovementioned factors are relevant to the inquiry of the "should have known" scienter requirement, the Court does not believe the Ninth Circuit intended those factors to be exclusive or exhaustive. For instance, the three (3) factors listed above do not directly address whether there was authority for the position the defendant promoted or took. It seems illogical to say that a defendant should have known statements he made in support of a given tax position were false or fraudulent if some actual and valid authority supporting the position or advice was present at the time the advice was given. Thus, while § 6700 does not require the Government to prove that Davison believed that there was not a greater than one in three chance that his tax arrangements would prevail in the event of an IRS challenge, the Court may consider not only evidence relating to the three (3) *Estate Preservation Services* factors, but also any other evidence deemed relevant to the factual determination of whether Davison should have known statements made about tax positions he promoted were false or fraudulent. Regarding the scienter requirement, the Government need only prove Davison knew or should have known his statements were false or fraudulent by a preponderance of the evidence. *Estate Pres. Servs.*, 202 F.3d at 1099.

A clarification of the applicable scienter standard does not alter the reality that numerous genuine material issues of fact remain in this case that preclude summary judgment. The facts, when viewed in the light most favorable to Davison, create genuine issues of fact about whether Davison knew or should have known certain statements he made were false or fraudulent. Thus, for all the reasons stated herein, and all those previously stated in the Court's December 18, 2009, Order, it is

**ORDERED** that the Government's present Motion is **DENIED**, subject to the clarifications stated above.

**IT IS SO ORDERED.**

                                                                              s/ Gary A. Fenner
                                                                              Gary A. Fenner, Judge
                                                                              United States District Court

DATED: **January 19, 2010**